FILED
2003 Jun-26 AM 7:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANA HUGHES, | ) |
| Plaintiff, | ) |
| vs. | ) CV 02-J-1574-S |
| JOE HUDSON COLLISION CENTER, | ) |
| Defendant. | ) |

ENTERED
JUN 2 6 2003

## MEMORANDUM OPINION

Pending before the court is defendant Joe Hudson Collision Center's motion for summary judgment (doc. 13). The court has reviewed defendant's motion and the parties' other submissions.

### I. Background

Plaintiff, Shana Hughes, began working for defendant, Joe Hudson Collision Center, on October 1, 1998. Plaintiff's Depo. at 34. In the spring of 1999, plaintiff also began performing some of the duties of the production manager, such as ordering parts. Plaintiff's Depo. at 50-52. After complaining that her job was becoming too stressful because she had to fulfill both the office manager and production manager positions, the manager of the Trussville location moved plaintiff into the sole position of office manager and Mitch Tillman was assigned the production manager duties. Plaintiff's Depo. at 90-91, 98-99.

21

For the next two years, several individuals moved through the production manager job. In the spring of 2001, plaintiff asserts that she discussed with the Trussville shop's manager about possibly being promoted to the position of production manager. Plaintiff's Depo. at 124-26. Shortly thereafter, Ernie Holbrook was hired as the new production manager. Plaintiff's Depo. at 74-75. Plaintiff does not claim that she was sexually discriminated against as it relates to this position.

In July 2001, plaintiff again discussed her interest in the production manager job with the shop manager. The shop manager asserts that while the production manager job was discussed, he did not believe that she truly wanted the position because she did not want to have to train a replacement for the office manager position if she moved to production manager. Gordon Depo. at 38-39, 41-42.

On September 5, 2001, Justin Atwell was hired to replace Holbrook as production manager of the Trussville shop. Atwell had experience being a parts manager at a car dealership. Thereafter, defendant's president and defendant's Chief Operating Officer assert they learned of plaintiff's interest in the production manager job and told plaintiff she would be given the next production manager position that became available. Dickson Depo. at 45-46; Thames Depo. at 54. Plaintiff was then offered the production manager position at defendant's Huntsville shop, but she declined because she did not want to move. Plaintiff's Depo. at 166-67.

Plaintiff quit her job with defendant on July 2, 2002 in order to take a higher

2

paying position with Allstate Insurance. Plaintiff's Depo. at 17-18, 21-22, 185. However, prior to quitting her position, plaintiff had been offered the production manager position at the Trussville shop as soon as Pat Shackleford transferred to a new location.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Plaintiff alleges that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, defendant engaged in disparate treatment sex discrimination. Plaintiff's sole claim is based upon alleged sexual discrimination resulting in her failure

to be promoted to the position of production manager. Plaintiff has presented only circumstantial evidence sex discrimination and accordingly, this claim must be analyzed utilizing the *McDonnell Douglas* shifting burden analysis.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To set forth a *prima facie* case of disparate treatment sex discrimination, plaintiff must demonstrate: (1) that she belongs to a protected class (2) she applied and was qualified for the position; (3) she was not hired; and (4) the position was awarded to an equally or less qualified employee who was not a member of the protected class. *Durley v. APAC, Inc.*, 236 F.3d 651, 656 (11th Cir. 2000). Upon setting forth a *prima facie* case, a presumption of discrimination is inferred and the burden shifts to defendant to set forth a legitimate non-discriminatory reason for its' actions. *Id.* If defendant meets this burden, plaintiff then has the opportunity to demonstrate that the proffered reason was a pre-text for sex discrimination. *Id.*

As defendant concedes (for the purpose of this motion) that plaintiff can establish a *prima facie* case, this court proceeds to examine defendant's proffered non-discriminatory rationale for failing to promote plaintiff. Defendant asserts that plaintiff was not promoted to the position of production manager because defendant was not aware that plaintiff was interested in the production manager position. Had defendant known that she wanted the production manager position, defendant contends that it would have promoted plaintiff to the production manager position. Dickson Depo. at 57; Thames

---

[1]Claims under Title VII and 1981 are analyzed under the same framework. *Holiness v. Moore-Handley*, 114 F.Supp.2d 1176, 1181 (N.D. Ala. 1999).

Depo. at 73-74.

> However, the Court of Appeals for the Eleventh Circuit has found that:
>
> Where...an employer has reason to know that an employee is qualified for a position and that the employee might desire to be considered for that position, the employer's failure to consider the employee for promotion is not a legitimate, nondiscriminatory reason sufficient to rebut an inference of intentional disparate treatment successfully raised under the *McDonnell Douglas* test.

*Roberts v. Gadsden Mem. Hospital*, 835 F.2d 793, 798. Defendant has admitted that plaintiff was qualified for the production manager position. Defendant has further stated that had it known of plaintiff's interest in the position it would have given the position to her. However, whether defendant was aware of plaintiff's interest in the position is dubious. At one time, plaintiff stated she did not want a promotion if she had to train her replacement (a requirement of a promotion). In the end, whether or not plaintiff's expressions of interest about a promotion sufficiently put defendant on notice is a question of fact. Plaintiff's Depo. at 124-26, 129-30. Accordingly, defendant's proffered reason for not promoting plaintiff must be deemed a pre-text.

In sum, plaintiff has set forth a prima facie case under the *McDonnell Douglas* test, "thereby raising the inference that discriminatory intent motivated [defendant] in [it's] promotion decision and that defendant's attempts to rebut the inference were illegitimate and pretextual in nature." *Roberts*, 835 F.2d at 799. However, the Eleventh Circuit has noted that even where a plaintiff meets her prima facie case and demonstrates that defendant's reason for not promoting was not legitimate, plaintiff may have produced

insufficient evidence to bring her claim to a jury.

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred...

*Chapman v. AI Transport*, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000) quoting *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000).

Plaintiff has only set forth a weak issue of fact as to whether defendant's proffered reason was untrue. Plaintiff's few attempts to make defendant aware that she would be interested in the production manager position were ambiguous at best. Plaintiff's Depo. at 124-26, 129-30. Moreover, she informed defendant that she would not want a new position if she were required to help train her replacement. Plaintiff's Depo. at 125.

Additionally, plaintiff has presented no other evidence of any sexual animus and the evidence demonstrates just the opposite. Defendant has previously had five women in the position of production manager. Dickson Depo. at 16-18. In fact, plaintiff was offered the production manger position in another shop after she conclusively made defendant aware of her desire for a production manager position. Plaintiff's Depo. at 166-67. Plaintiff's only proffered reason for not trusting defendant's manager is that he treated another male employee poorly. Plaintiff's Depo. at 133. Based on the foregoing, a

rational factfinder could not conclude that plaintiff was discriminated against based upon her sex.

It is therefore **ORDERED** that defendant's motion is due to be **GRANTED**.

## IV. Conclusion

Based upon the foregoing, defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims against defendant shall be **DISMISSED** by separate order.

**DONE** and **ORDERED** this the 25 day of June, 2003.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON